UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM WATSON[1] | * |
| Plaintiff, | * |
| v. | * Civil Action No: 25-_____ |
| CENTRAL INTELLIGENCE AGENCY<br>Washington, D.C. 20505 | * |
| Defendant. | * |

# COMPLAINT[2]

Plaintiff William Watson ("Mr. Watson") brings this action against Central Intelligence Agency ("CIA") for relief pursuant to the Administrative Procedure Act, 5 U.S.C. § 701 et seq., the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, the All Writs Act, 28 U.S.C. § 1651, and the First Amendment to the Constitution of the United States.

Defendant CIA has unlawfully imposed a prior restraint upon Watson by infringing on his constitutional right to publish his unclassified manuscript entitled "*Absence of Evidence*" ("Manuscript").

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331.

---

[1] Pursuant to LCvR 5.1(c)(1), as revised March 23, 2022, the Plaintiff's home address is being filed under seal with the Court in a separate Notice of Filing.

[2] This Complaint was drafted entirely by legal counsel who is not subject at this time in this specific case to any prepublication review requirement, nor was any classified information relied upon or reviewed.

## VENUE

2. Venue is appropriate in this District under 5 U.S.C. § 703 and 28 U.S.C. § 1391.

## PARTIES

3. Mr. Watson is a former CIA Senior intelligence officer who, until he retired in 2017, had served over 30 years managing clandestine operations and producing critical analysis for policymakers. He was an operations case officer for 21 years and an analyst for 10 years and was among a small cadre who successfully served multiple tours in both areas, including in war zones. In particular, he served as the chief of two branches at the National Counterterrorism Center.

4. Defendant CIA is an agency of the United States as defined by 5 U.S.C. § 701 and subject to the jurisdiction of this Court. CIA's actions have prevented Watson from publishing his Manuscript.

## FACTS

5. On or about February 7, 2025, Defendant CIA's Prepublication Classification Review Board ("PCRB") acknowledged receipt of Mr. Watson's Manuscript, which was submitted pursuant to one or more of his secrecy, non-disclosure agreements, for prepublication review. The Manuscript pertains to his personal experiences as a former CIA employee and the topic of the Iraq Weapons of Mass Destruction intelligence failures, particularly with respect to the human source known as "CURVEBALL". It was assigned reference number MANU-2025-10105.

6. From March 2025 to August 2025, Mr. Watson and the CIA's PCRB exchanged information concerning the classification status of the contents of his Manuscript,

particularly in an effort to ensure that the information was not properly classified or had been affirmatively declassified.

7. By e-mail dated September 2, 2025, Defendant CIA's PRCB notified Mr. Watson that:

> *Your latest submission still contains classified information cited to documents that have not yet cleared the Freedom of Information Act (FOIA) process. Because the FOIA process is still ongoing and additional information has not been declassified or released, we are not able to review a narrative that relies on currently and properly classified information.*
>
> *We continue to support your effort to tell your story. If you wish to proceed with your manuscript ahead of the completion of the FOIA process, you must remove all classified information, the accompanying citations, and resulting assessments and storylines that derive from classified material. Essentially, your manuscript must stand alone, as if the classified information does not exist.*
>
> *Finally, the prepublication classification review process is separate from the process of requesting information pursuant to the FOIA request. The PCRB cannot and does not participate in the CIA's FOIA process.*

8. Defendant CIA failed to provide Mr. Watson with an unclassified version of his Manuscript or justify its individual classification decisions.

## FIRST CAUSE OF ACTION
### (FIRST AMENDMENT/DECLARATORY JUDGMENT - RIGHT TO PUBLISH - CLASSIFICATION CHALLENGE)

9. Mr. Watson repeats and realleges the allegations contained in paragraphs 5 through 8 above, inclusive.

10. Mr. Watson properly submitted, pursuant to one or more secrecy agreements, his Manuscript for prepublication review.

11. To the best of Mr. Watson's knowledge and understanding, the Manuscript does not contain any properly classified information.

3

12. Defendant CIA is legally prohibited from precluding Mr. Watson from publishing anything other than classified information.

13. Defendant CIA has failed to show that Mr. Watson's First Amendment right to publish is outweighed by the government's interest in efficiently carrying out its mission by minimizing harms that are real, not merely conjecture.

14. Defendant CIA has failed to demonstrate the existence of substantial government interests that would enable it to prohibit the publication of unclassified information within Mr. Watson's Manuscript.

15. Defendant CIA's restrictions imposed upon Mr. Watson are unduly vague and were not narrowly confined to avoid infringement of his First Amendment rights. It has unnecessarily restricted unclassified speech that does not serve to protect any substantial government interest. Nor can it rely upon or require Mr. Watson to await for the completion of any agency's FOIA process, to include that of Defendant CIA, as an excuse not to complete its review and justify its classification decisions.

16. Because Defendant CIA has impermissibly infringed upon Mr. Watson's right to publish unclassified information in his Manuscript it has violated his First Amendment rights.

17. There is no requirement upon Mr. Watson to exhaust any further administrative remedies and he is permitted to judicially challenge Defendant CIA's decision to improperly classify unclassified information in violation of his First Amendment rights.

18. Mr. Watson has suffered or may suffer actual adverse and harmful effects, including, but not limited to, possible civil or criminal penalties, and/or lost or jeopardized present or future financial and employment opportunities if Defendant CIA

does not provide him with a unclassified Manuscript with justification that only restricts properly classified information.

## SECOND CAUSE OF ACTION
### (FIRST AMENDMENT/DECLARATORY JUDGMENT – LEGAL COUNSELS' ACCESS TO CLASSIFIED INFORMATION/UNREDACTED MANUSCRIPT)

19. Mr. Watson repeats and realleges the allegations contained in paragraphs 5 through 8 above, inclusive.

20. In order to be able to fully protect Mr. Watson's First Amendment rights his legal counsel will require access to any alleged classified information Defendant CIA claims is contained within the Manuscript. Upon information and belief, the undersigned legal counsel Bradley P. Moss, holds a valid and current security clearances that would permit a review of the relevant information. Attorney Mark S. Zaid would normally serve as the primary legal counsel with respect to classified disputes but his security clearance was unlawfully revoked, particularly without being afforded any due process, by the Trump Administration in or around April 2025. That decision, which is causing Mr. Watson's present harm as of the result of being deprived of his choice of legal counsel, is the subject of litigation in Mark S. Zaid, Esq. v. Executive Office of the U.S. President et. al., Civil Action No. 25-01365 (D.D.C.)(AHA).

21. Mr. Watson has a First Amendment right to counsel and to present all arguments to the Court, *in camera* if appropriate and/or necessary, for its consideration, as well as to participate in any internal meetings with Defendant CIA to discuss any redactions. Mr. Watson's constitutional rights extend to counsel with the appropriate level of security clearance.

WHEREFORE, Plaintiff William Watson requests that the Court award him the following relief:

(1) Permanently enjoin Defendant CIA from restraining the publication of any portion of unclassified text within his Manuscript;

(2) Declare and find that the redacted text from the Manuscript is unclassified;

(3) Order Defendant CIA to permit Mr. Watson's cleared counsel to have proper access, subject to the execution of appropriate non-disclosure secrecy agreements, to any alleged classified information for purposes of litigating this action;

(4) Award Mr. Watson the costs of the action and reasonable attorney fees under the Equal Access to Justice Act or any other applicable law; and,

(5) grant such other relief as the Court may deem just and proper.

Date:   December 6, 2025

                                            Respectfully submitted,

                                              /s/
                                          _____

Mark S. Zaid, Esq.
D.C. Bar #440532
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 498-0011
Mark@MarkZaid.com
Brad@MarkZaid.com

Attorneys for Plaintiff